FILED

December 29, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 8:32 AM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| Alan Goins | ) | Docket No.: 2015-01-0267 |
|     Employee, | ) | |
| v. | ) | State File Number: 50797-2015 |
| Wal-Mart Associates, Inc. | ) | |
|     Employer, | ) | Judge Audrey A. Headrick |
| And | ) | |
| New Hampshire Insurance Company | ) | |
|     Insurance Carrier. | ) | |
| | ) | |

## EXPEDITED HEARING ORDER DENYING
## REQUESTED TEMPORARY DISABILITY BENEFITS

This matter came before the undersigned Workers' Compensation Judge on the Request for Expedited Hearing filed by the employee, Alan Goins, on October 15, 2015. The central legal issue is whether the evidence is sufficient for the Court to determine that Mr. Goins is likely to prevail at a hearing on the merits. Wal-Mart disputes that Mr. Goins is entitled to any past or ongoing temporary disability benefits. For the reasons set forth below, the Court finds Mr. Goins is not entitled to the requested temporary disability benefits.[1]

### History of Claim

Mr. Goins is a fifty-eight-year-old resident of Hamilton County, Tennessee. (T.R. 1.) He works at Wal-Mart in the meat department.[2] *Id.* Mr. Goins seeks temporary partial disability benefits for a low back injury that occurred on June 16, 2015, while lifting cases of meat. *Id.*

The parties stipulated that Mr. Goins sustained a compensable injury on June 16,

---

[1] A complete listing of the technical record and exhibits is attached to this Order as an appendix.

[2] Mr. Goins testified he previously worked as a people greeter at Wal-Mart. (Ex. 2.) Wal-Mart eliminated those positions at his store and transferred that responsibility to the Asset Protection department. Mr. Goins accepted a position in the meat department and injured his back approximately two to three days after he started the new position.

2015. (T.R. 8.) Mr. Goins is a full-time employee, whose average weekly wage is $422.86, resulting in a weekly compensation rate of $281.92. *Id.* His authorized medical providers are Physicians Care, Dr. Gary Voytik, and Dr. Jay Jolley. *Id.* On June 30, 2015, Tracy Gartman, a nurse practitioner at Physicians Care, placed Mr. Goins on restricted duty. *Id.* On July 8, 2015, Mr. Goins accepted a Temporary Alternative Duty position at Wal-Mart and continues to work on restricted duty in a TAD position. *Id.*

In Mr. Goins' Affidavit, he requested compensation for his reduced work hours. (Ex. 1.) He stated: "Prior to my injury I was working 75-80 hours every pay period. Due to my injury and the work restrictions therefrom, I am now working only 28-31 hours per pay period." *Id.* During the expedited hearing, Mr. Goins testified that, on more than one occasion, Dr. Jolley took him completely off work for two to three days at a time.

During cross-examination, Mr. Goins acknowledged that he takes intermittent leaves of absence due to an unrelated ankle condition, which Dr. John Chrostowski treats. He testified his leave of absence for his ankle condition permits him to take off work up to ten times per month, as well as to attend doctor appointments. Mr. Goins also acknowledged that Brenda Williams, Assistant Manager, places him on the schedule to work four to five days per week, for a total of seventy-five hours per pay period. He stated that a full-time employee at Wal-Mart works thirty-two to forty hours per week. Since July 8, 2015, Mr. Goins stated his TAD position has been in the fitting room.

Mr. Goins testified that none of the days he missed while taking leaves of absence after his injury on June 6, 2015, were due to his ankle condition. Instead, he testified the days he missed were due to his work-related back injury. Mr. Goins stated there is a procedure for reporting absences to Wal-Mart: He calls an information line and responds to several questions. Mr. Goins testified the information line does not ask if his absence is for a workers' compensation injury or for FMLA. He stated he receives a confirmation number and then calls his store to speak to a manager. Mr. Goins testified he tells the manager the reason for his absence if he speaks to one. Additionally, he stated he calls a different number to report an absence as an FMLA day.

The medical records of Dr. Voytik indicate that he restricted Mr. Goins in August to working a specific shift from 11:00 a.m. to 4:00 p.m. (Ex. 5.) Dr. Voytik's office note of August 13, 2015, indicates his office did not transcribe the paperwork regarding the shift change. However, when Dr. Voytik saw Mr. Goins on August 20, 2015, Mr. Goins stated Wal-Mart had him working a different shift. Dr. Voytik stated in his office note that he had a "discussion with the staff that [he] really wanted [Mr. Goins] to work 11 a.m.-5:00 p.m." On August 20, 2015, Dr. Voytik excused him from work that day. Mr. Goins testified Wal-Mart paid him eight hours to compensate him. On August 28, 2015, Dr. Voytik saw Mr. Goins and took him off work until August 31, 2015. (Ex. 3, Ex. B.)

2

During the expediting hearing, Wal-Mart read into evidence the affidavits of Gaylene Mayfield and Brenda Williams, as well as the Rule 72 Sworn Statement of Kari Robinson. (Ex. 2-Ex. 4.) In Ms. Mayfield's affidavit, she stated she is a Training Coordinator at Wal-Mart. (Ex. 2.) She also stated she is the custodian of Wal-Mart's records regarding Mr. Goins.

In her affidavit, Ms. Mayfield stated Mr. Goins began taking FMLA leaves of absence for his right ankle condition in 2008. She explained that Mr. Goins' current leave of absence allows Mr. Goins to have excused absences each month. Specifically, Ms. Mayfield detailed Mr. Goins' ongoing leaves of absence as follows: "The absences allowed are five absences per month up to two days each (10 days total per month) for illness, and one half day absence every one to three months to attend a doctor's appointment. According to Mr. Goins' attendance records, he uses this LOA allowance regularly." Ms. Mayfield stated that Mr. Goins "has not provided any off work notes or work slips to this store for any of his absences since reporting his June 16, 2015 work injury to the store on June 30, 2015."[3]

Wal-Mart attached approximately 300 pages of personnel records regarding Mr. Goins as Exhibit B to Ms. Mayfield's affidavit. The voluminous records reflect that Mr. Goins has routinely taken FMLA time off from work since early 2008 to the present. (Ex. 2, Ex. B.) The Certification of Health Care Provider forms completed by various physicians over the years show that Mr. Goins has had, "severe pain lumbar, and knee, and legs;" "severe neck/shoulder/knee pains;" and, right-ankle arthritis and pain. *Id.* The physicians indicated Mr. Goins needed to be off work intermittently throughout the years due to periodic flare-ups for those conditions.

Most recently, Dr. Chrostowski completed Certification forms on June 24, 2015, and July 8, 2015, extending Mr. Goins' excused absences because of his right-ankle condition.[4] *Id.* Wal-Mart approved Mr. Goins' FMLA request for intermittent leave from June 17, 2015, through December 16, 2015. *Id.* The summary chart prepared by Wal-Mart and attested to by Ms. Mayfield documents that Mr. Goins missed 45 scheduled days between June 14, 2015, and October 20, 2015. (Ex. 2, Ex. A.)

Brenda Williams stated in her affidavit that she is the direct supervisor of Mr. Goins. (Ex. 3.) She stated that Mr. Goins routinely "calls out of work" every Sunday because he wants to be off every weekend. *Id.* Ms. Williams also stated his continued absenteeism on Sunday required her to hire another associate to work in the fitting room. *Id.*

---

[3] In the Rule 72 Sworn Statement of Kari Robinson, a supervisor who works for Claims Management Inc., she also stated that neither Mr. Goins nor his authorized physicians provided CMI with any off work notes for his absences. (Ex. 4.). CMI is the third-party administrator for New Hampshire Insurance Company.
[4] The personnel records also reflect that Mr. Goins received written "coaching" on March 31, 2015, due to continued problems with unexcused absences. (Ex. 2, Ex. B.)

Mr. Goins filed a Petition for Benefit Determination seeking temporary partial disability benefits. (T.R. 1.) The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice on October 6, 2015. (T.R. 2.) Mr. Goins filed a Request for Expedited Hearing. (T.R. 3.) This Court heard the matter on November 30, 2015.

Mr. Goins asked the Court to order past and ongoing temporary disability benefits from June 30, 2015. Wal-Mart asked the Court to deny Mr. Goins's request for temporary disability benefits.

### Findings of Fact and Conclusions of Law

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987);[5] *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

### *Mr. Goins Failed to Demonstrate a Likelihood of Success on the Merits at Trial*

To establish a prima facie case for temporary total disability benefits, an employee must show that: (1) he or she was totally disabled and unable to work as a result of a compensable injury; (2) that a causal connection exists between the injury and the employee's inability to work; and (3) the duration of the period of the employee's disability. *Gray v. Cullom Mach., Tool & Die, Inc.,* 152 S.W.3d 439, 443 (Tenn. 2004); *Jewell v. Cobble Construction and Arcus Restoration,* No. 2014-05-0003, 2015 TN Wrk. Comp. App. Bd. LEXIS 1, at *21 (Tenn. Workers' Comp. App. Bd. Jan. 12, 2015).

---

[5] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

4

Additionally, Tennessee Code Annotated section 50-6-205(a) states:

> No compensation shall be allowed for the first seven (7) days of disability resulting from the injury, excluding the day of the injury, except the benefits provided for in § 50-6-204, but if disability extends beyond that period, compensation shall commence with the eighth day after the injury. In the event, however, that the disability from the injury exists for a period as long as fourteen (14) days, then compensation shall be allowed beginning with the first day after the injury.

The Court must first consider whether Mr. Goins is entitled to any temporary total disability benefits. As indicated in Tennessee Code Annotated section 50-6-205(a) (2015), Mr. Goins must prove an authorized physician took him completely off work for more than seven days in order to be entitled to temporary total disability benefits. The medical records admitted into evidence show that Dr. Voytik excused Mr. Goins from work on August 20, 2015. (Ex. 5.) Dr. Voytik also took Mr. Goins off work from August 28, 2015, through August 31, 2015. (Ex. 3, Ex. B.) Although Mr. Goins testified that Dr. Jolley took him off work for two to three days at a time, he also acknowledged that he did not have an off work notes from Dr. Jolley.

During the expedited hearing, Mr. Goins argued that all of his absences from June 16, 2015, forward were due to his work-related back injury, as opposed to his unrelated right-ankle condition. The schedule summary prepared by Wal-Mart documents that Mr. Goins was absent forty-five times between June 14, 2015, and October 20, 2015. (Ex. 2, Ex. A.) However, the evidence also reflects that, since 2008, Mr. Goins routinely used his approved FMLA leave for pain in his back, neck, knee, legs, shoulder, and his right ankle. (Ex. 2, Ex. B.) Wal-Mart approved Mr. Goins' FMLA request for intermittent leave from June 17, 2015, through December 16, 2015, regarding his right ankle condition. *Id.* The FMLA leave allowed Mr. Goins to miss up to ten days per month as well as a half-day every one to three months to attend a doctor's appointment. *Id.*

As previously stated, Mr. Goins does not have off work slips from his treating doctors showing that his work-related back injury on June 16, 2015, caused him to have forty-four absences.[6] Instead, it appears from the record that Mr. Goins was using his FMLA leave for his right ankle condition as he has for the past several years. Mr. Goins did not establish a causal connection between his absences and his work injury. Therefore, Mr. Goins is not entitled to temporary total disability benefits.

The Court next turns to whether Mr. Goins is entitled to any temporary partial disability benefits. Temporary partial disability arises when the temporary disability is not total. Tenn. Code Ann. § 50-6-207(2) (2015) provides that "[i]n all cases of

---

[6] Mr. Goins' absence on June 14, 2015, occurred prior to his work-related injury on June 16, 2015.

5

temporary partial disability, the compensation shall be sixty-six and two-thirds percent (66 2/3 %) of the difference between the average weekly wage of the worker at the time of the injury and the wage the worker is able to earn in the worker's partially disabled condition." When an injured worker is willing to return to work within his restrictions, but the employer is unwilling or unable to return the injured worker to work, the injured worker may be entitled to recover temporary partial disability benefits equal to the amount of temporary total disability benefits. *See Williams v. Saturn Corp.*, No. M2004-01215-WC-R3-CV, 2005 Tenn. LEXIS 1032, at *7-8 (Tenn. Workers' Comp. Panel Nov. 15, 2005).

The Court finds that Mr. Goins failed to prove that he is entitled to temporary partial disability benefits. There is no evidence to indicate that Wal-Mart failed to provide Mr. Goins light-duty work within his restrictions, reduced his hourly pay, or reduced his hours. In his affidavit, Mr. Goins asserted the following: "Prior to my injury I was working 75-80 hours every pay period. Due to my injury and the work restrictions therefrom, I am now working only 28-31 hours per pay period." (Ex. 1.) However, during the expedited hearing, Mr. Goins acknowledged Wal-Mart schedules him to work four to five days per week for a total of seventy-five hours per pay period. Mr. Goins also acknowledged during cross-examination that he takes intermittent FMLA leave for his ankle condition. As previously discussed, there is no medical evidence that connects his numerous absences to his June 16, 2015 work-related injury. There is also no indication that Mr. Goins actually worked 75-80 hours per pay period prior to his June 16, 2015, injury. Instead, for the reasons set forth above, it appears that any reduction in Mr. Goins' pay is due to FMLA leave taken for his ankle condition. Therefore, Mr. Goins has not demonstrated that he is likely to prevail at a hearing on the merits regarding the issue of temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Goins' request for temporary disability benefits is denied.

2. This matter is set for an Initial Hearing on February 1, 2016, at 10:00 a.m., ET.

**ENTERED this the 29th day of December, 2015.**

**Judge Audrey A. Headrick**
**Court of Workers' Compensation Claims**

6

<u>Initial (Scheduling) Hearing</u>:

A Scheduling Hearing has been set on February 1, 2016, at 10:00 a.m. Eastern Time, with **Judge Audrey A. Headrick, Court of Workers' Compensation Claims. You must call 423-634-0164 or toll free at 855-383-0001 to participate in the Initial Hearing.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation.**

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **<u>filing fee in the amount of $75.00.</u>** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **<u>Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.</u>**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of

the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:
1. Affidavit of Alan Goins
2. Affidavit of Gaylene Mayfield
3. Affidavit of Brenda Williams
4. Rule 72 Sworn Statement of Kari Robinson
5. Medical records of Dr. Jay Jolley
6. Medical records of Physicians Care
7. Medical records of Dr. Gary Voytik
8. Cervical MRI performed at Chattanooga Imaging on July 16, 2015

Technical record:[7]
1. Petition for Benefit Determination, September 2, 2015
2. Dispute Certification Notice, October 6, 2015
3. Request for Expedited Hearing, October 15, 2015
4. Notice of Appearance, October 22, 2015
5. Brief in Response to Request for Expedited Hearing, October 22, 2015
6. Table of Contents and Witness List for Evidence in Support of Employer's Brief in Response to Employee's Request for Expedited Hearing, October 22, 2015
7. Notice of Scheduled Hearing, October 23, 2015
8. Employer's Proposed Stipulations, November 30, 2015

---

[7] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Requested Temporary Disability Benefits was sent to the following recipients by the following methods of service on this the 29th day of December, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email/Mail Address |
|------|------|------|------|------|------|------|
| Alan Goins | X | | | | | 25 S. Germantown Road, Apt. 212 Chattanooga, TN 37411 |
| Celeste Watson | | | | | X | celeste@cmwatsonlaw.com cmwatsonlaw@gmail.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

10